IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMEION DOUGLAS,

        Plaintiff,        Civil No. 06-1550-AA

        v.               ORDER

JEAN HILL, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his civil rights by failing to provide a "safe eating environment" and denying him adequate dental care for a chipped tooth he sustained while eating his breakfast.

    Defendants move to dismiss (#18) plaintiff's claim on the

1 - ORDER

ground that plaintiff failed to exhaust his administrative grievances prior to filing this action.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing an action under 42 U.S.C. § 1983.  Porter v. Nussle, 534 U.S. 516, 531-32 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); and McKinney v. Carely, 311 F.3d 1198 (9th Cir. 2002).

The Oregon Department of Corrections has a grievance system to address inmate complaints. See, Defendants' Exhibit 101, Attachment 1, OAR 291-109-0100 through 291-109-0140. Inmates may file a grievance concerning the conditions of their confinement, improper treatment by staff, lack of medical treatment, and oversight error affecting the inmate. OAR 291-109-0140(2).  To file a grievance, an inmate must complete a form called a "CD 117."  If the matter is not an emergency, the inmate must complete the grievance form with 30 working days of the incident. OAR 291-109-0140(3). Once the grievance coordinator processes the grievance and the inmate may seek an appeal the grievance coordinator's decision. OAR 291-109-0140(4). An appeal must be filed within 14 days after the grievance findings.  The appeal goes to the functional unit manager who is required to respond within 30 days. Id.

2 - ORDER

The decision of the functional unit manager may be reviewed by appealing to the Assistant Director. OAR 291-109-0140(5).

From June 22, 2004, to October 6, 2006, plaintiff filed 21 grievances at the Snake River Correctional Institution with complaints ranging from the alleged improper opening of his mail to the denial of access to the law library. <u>See</u>, Defendants' Exhibit 101, Affidavit of Teresa Hicks Attachment 4, pages 1-5.

Defendants contend that plaintiff "did not pursue any grievance with regards to his dental care or the quality of food provided to him. Defendants' Memorandum (#19), p. 2.

Attached to Plaintiff's Motion for Summary Judgment (#9) are copies of two grievance forms:

Plaintiff's "Exhibit 4" dated 10/29/04 is directed to "Warden" and states that plaintiff chipped his tooth while eating breakfast on October 28, 2004. In the grievance, plaintiff alleges that he has not seen a dentist and inquires regarding the name of the company that provides otatoes to the institution. Plaintiff does not provide any other information requested by the form.

Plaintiff's "Exhibit 7" dated 2/18/05 is directed to "Dr. Greg Shook Chief Dentist for TLC." It grieves the denial of a root canal on the ground "it is the responsibility of the DOC" to pay for the procedure. As with the other grievance,

3 - ORDER

("exhibit 4") plaintiff did not provide any other information requested by the grievance form such a other actions he had taken to informally resolve the matter, or specifically state what action he was requesting.

The affidavit of Teresa Hicks states that "Inmate Douglas did not file these grievances." Defendants Exhibit 101, Attachment 1, Affidavit of Teresa Hicks, p. 3. Defendants argue that "these grievances appear not to have been filed," Defendants' Memorandum (#19), p. 2, and that "(e)ven assuming that the plaintiff can show that the two grievances were filed, there is no evidence showing that he appealed a ruling, or followed-up on the status of them." Id., p. 4.

Plaintiff's Motion in Opposition (#35) states that attempted to serve the his grievances by placing them in the outgoing mailbox - apparently without postage. See, Memorandum in Opposition (#35) p. 2. Plaintiff further states that "Teresa Hicks should not have gotten either of the aforementioned grievances because neither had her name on them and both were not placed in the grievance box." Id. Plaintiff argues that he has never had the grievances "sent back to me nor have I seen any evidence that they were destroyed ... therefore, they must have got them but failed to address the facts at issue." Id.

As noted above, plaintiff has filed numerous grievances

4 - ORDER

and has demonstrated a knowledge of the grievance process. The Snake River Correctional Institution Handbook attached to plaintiff's Motion in Opposition (#35) as Exhibit 1, clearly states that "(g)rievances must be directed to the Grievance Coordinator who will log and send the grievance to the employee who can best answer the grievance."  By plaintiff's own admission, he did not follow the required procedure with respect to the grievances submitted as exhibits in this case, and explains why he has not received a response to those grievances.

    Based on the record before the court including plaintiff's own statements regarding his actions, I find that plaintiff did not exhaust his administrative remedies as to the claims in this action.

    Defendants' Motion to Dismiss (#18) is allowed.  This action is dismissed with prejudice.

    IT IS SO ORDERED

    DATED this  21  day of July, 2007.

                                /s/ Ann Aiken
                                Ann Aiken
                                United States District Judge